Argued October 1, decided October 8, 1912.

## STATE v. GOODHUE.

(126 Pac. 986.)

**Food—Sales—Regulation—Tub Butter—Marked Wrappers.**

1. So far as Section 4, p. 289, Laws 1911, merely makes it unlawful to cut from tub butter any roll or square or print of butter, and offer it for sale, except it be sold in wrappers marked "tub butter," it is proper, as a preventive of unfair competition, and imposition on customers.

**Constitutional Law— Privileges and Immunities— Regulating Sales.**

2. So far as Section 4, p. 289, Laws 1911, making it unlawful to cut from tub butter any roll or square or print of butter, and offer it for sale, except it be sold in wrappers marked "tub butter," permits Oregon creameries to cut out tub butter made at their plants within twenty days before the cutting, and sell it under the wrapper prescribed for Oregon creamery butter, it contravenes Section 20, Article I, of the Constitution, prohibiting any law granting to a citizen, or class of citizens, privileges or immunities which, on the same terms, shall not equally belong to all citizens.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

The defendant, Roy Goodhue, was charged in the justice's court with the crime of offering for sale and selling squares of butter cut from tub or packed butter, and not marked "tub butter," in violation of the statute (Section 4, c. 179, Laws of 1911), which makes it—

"Unlawful for any person * * to cut from any tub or packed butter any roll, or square or print of butter and offer the same for sale, except the same be sold in wrappers plainly printed with the words 'tub butter.' * * ; *provided, however,* that nothing in this section shall prevent any person * * from cutting butter from tubs or packs manufactured at any plant owned or operated by that person * * within the State of Oregon and from selling the same under the wrapper prescribed for

Oregon creamery butter; *provided, however,* that not more than twenty days shall have elapsed between the time of manufacture and the time of cutting or molding said butter. * * "

The defendant demurred to the complaint—

"For the reason that the act of the legislative assembly under which said information is filed is unconstitutional and void, and for the further reason that said act contravenes Section 8 of Article I and Section 2 of Article IV of the Constitution of the United States and Section 1 of the Fourteenth Amendment to the Constitution of the United States and the laws of Congress regulating interstate commerce."

The defendant was convicted, and he appealed to the circuit court, by which demurrer was sustained and the case dismissed, and the State appealed.          AFFIRMED.

For the State there was a brief over the names of *Mr. George J. Cameron,* District Attorney, *Mr. C. J. Michelet,* Deputy District Attorney, *Mr. Andrew M. Crawford,* Attorney General, and *Mr. Isaac H. Van Winkle,* Assistant Attorney General, with an oral argument by *Mr. Van Winkle.*

For respondent there was a brief and an oral argument by *Mr. A. E. Gebhardt.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. We are of the opinion that section 4 of the legislative act is not in contravention of the United States Constitution, otherwise than as covered also by Section 20 of Article I of the State Constitution, viz.:

"No law shall be passed granting to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

But the act clearly violates this provision. The evident purpose of the law may not be objectionable,

although its enactment may have been urged in the interest of Oregon creameries. It was intended to accomplish two principal objects: To prevent an article being put upon the market as or in imitation of fresh Oregon creamery butter that is not such, in competition with the product of Oregon creameries; and to prevent an imposition upon the consumer. The law as to unfair competition in trade is recognized, and is guarded in the use of trademarks and names, which is not made to depend upon the relative merits of the goods. 28 Am. & Eng. Enc. Law (2 ed.) 421: 38 Cyc. 756.

2. The creameries take special pains and use skill in an effort to put a first-class article of butter up in an attractive form, and place it upon the market while fresh. Such goods have a decided advantage in the market; for if there is an article of food in the selection and purchase of which the consumer has cause to be over-nice, it is butter; and a knowledge of the name of the maker or place of manufacture is one very desirable factor in making a selection, as tending to an assurance of care used in the inspection of dairies and the selection of the milk and cream, as well as to the cleanliness of the employees who manufacture the product. It is said in 38 Cyc. 758:

"The basic principle is that no one has a right to dress up his goods or otherwise represent them in such a manner as to deceive an intending purchaser."

That statement is made in the discussion of the protection of trade names, but it may be recognized by legislation to prevent deception or imposition upon the consumer. Tub butter is not of the same class or grade as Oregon creamery rolls or squares, and is not worth as much in the market, either before or after its form or dress is changed. This is evidenced by the fact of a desire to withhold knowledge of that fact from the consumer, and to change its form and to put it into rolls

or squares in imitation of fresh Oregon creamery rolls or squares and sell it as such, is a fraud on the consumer; and we are not able to conceive any objection in requiring butter so changed in form or dress to be truly labeled. The fault with the statute is the proviso that permits an Oregon creamery to change the form of tub butter manufcatured at its own plant that has not been manufactured more than 20 days into rolls or squares, and offer it for sale without branding it "tub butter." This privilege is withheld from other creameries and manufacturers of butter as to tub butter, and is discrimination in favor of Oregon creameries, in violation of Section 20, Article I, of the Oregon Constitution.

The judgment of the circuit court is affirmed. ·

AFFIRMED.

On Petition to Open Up Decree, decided October 8, 1912.